**STATE of Utah, Plaintiff and Appellee,**

v.

**Billy ARELLANO, Defendant and Appellant.**

No. 970347–CA.

Court of Appeals of Utah.

July 9, 1998.

Catherine L. Begic and Elizabeth A. Bowman, Salt Lake City, for Appellant.

Jan Graham and Barnard N. Madsen, Salt Lake City, for Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and ORME, J.

## OPINION

WILKINS, Associate Presiding Judge:

Defendant Billy Arellano appeals his conviction for possession of a controlled substance within a correctional facility, a second degree felony, in violation of Utah Code Ann. § 58–37–8(2)(c) (1997). We reverse and remand for a new trial.

## BACKGROUND

Defendant was an inmate at the Utah State Prison. On June 2, 1996, defendant was on food service duty delivering dinner to the other inmates. To deliver the meals, the inmates on food service duty must pick up either food carts or coffee containers in an area called the servery, cross a multi-purpose room, enter a central glassed-in (floor-to-ceiling) area called the Sally Port, and then enter into the different sections where the inmates are housed. Correctional Officer Kevin Jones was on duty and eating dinner in the multi-purpose room when he observed the following events.

Jones testified that he saw Richard Lucero, another inmate on food service, push a food cart through the multi-purpose room and into the Sally Port. After entering the Sally Port, Lucero turned to his right, took an envelope out of his pocket, slid it down his body, and dropped it on the floor by the door to the Sally Port. He then proceeded through a doorway into one of the cell sections. As Jones continued to watch, he noticed defendant scooting a coffee container across the multi-purpose room floor towards the door to the Sally Port. Jones considered defendant's actions suspicious because the coffee containers, which when full weigh no more than thirty pounds, were normally carried or placed on food carts. He then watched as defendant slid the coffee container toward the envelope, bent over, picked up the envelope, and continued to slide the container toward the entrance of the section where he was housed.

Jones alerted other officers, and defendant was called back into the multi-purpose room. Upon being summoned, defendant left the coffee container next to the book depository and dropped the envelope on the floor beside it. A guard immediately retrieved the envelope. It was an unmarked, sealed, "indigent" envelope commonly provided to the inmates. The envelope contained a small folded-up piece of paper, inside of which was a small piece of twist-tied plastic containing a powder substance. Two field tests were performed to identify the substance. The first field test identified the "yellow" substance as methaqualone. The second field test identified the "white" substance as cocaine.

On June 26, 1996, the substance was submitted to the State Crime Lab. Jennifer McNair, a State Crime Lab chemist, tested the substance and concluded that the "white" substance was cocaine. She prepared a toxicology report documenting her findings. Based on McNair's report, defendant was charged with possession of cocaine within a correctional facility.

At the November 7, 1996 preliminary hearing, the State provided defendant with a copy of the toxicology report, which identified Jennifer McNair as the chemist who prepared the report. On the morning of January 17, 1997, just five days before trial, the State notified defense counsel that it intended to call McNair as an expert witness to testify that the substance was cocaine and to explain her testing procedures.

On the day of trial, defendant filed a motion to either continue the trial or to exclude McNair's testimony on the ground that the State failed to comply with the expert witness notice requirement under Utah Code Ann. § 77–17–13 (1995). Defendant argued the State failed to notify him at least thirty days before trial of its intent to use McNair as an expert and failed to provide McNair's name, address, curriculum vitae, and a report containing the substance of her proposed testimony. Absent exclusion of McNair's testimony or a continuance, defendant argued that he could not adequately prepare to meet McNair's testimony or challenge her qualifications and testing procedures. The State argued that defendant was not prejudiced because defense counsel should have anticipated McNair's testimony. The trial court denied defendant's motion for a continuance, citing both parties' dereliction in duties, and

denied defendant's motion to exclude McNair's testimony.

At the close of trial, defendant moved for a directed verdict, arguing the State failed to present sufficient evidence of defendant's knowledge and intent to possess the cocaine as required under Utah Code Ann. § 58–37–8(2)(c) (1997). The trial court denied defendant's motion, and the jury found defendant guilty of possession of a controlled substance in a correctional facility. Defendant was sentenced to serve one-to-fifteen years in prison, to run consecutively with his prior term, and was given credit for time served. Defendant timely appealed.

## ANALYSIS

■ Although defendant raises two issues on appeal, we need only address one.[1] Defendant argues that the trial court abused its discretion in denying his motion to either continue the trial or exclude McNair's expert testimony for the State's failure to comply with the expert witness notice requirement, under Utah Code Ann. § 77–17–13. At a minimum, defendant asserts that he was entitled to a continuance based on the State's failure to provide adequate notice.

■ Before addressing defendant's argument, we note that a trial court's decision to admit or bar testimony for failure to adhere to discovery obligations lies within the trial court's discretion. *See State v. Begishe,* 937 P.2d 527, 530 (Utah Ct.App.1997). Similarly, a trial court's decision to either grant or deny a continuance is also clearly within its discretion. *See id.* Therefore, we will not disturb such decisions absent a clear abuse of discretion. *See id.*

The expert witness notification statute, Utah Code Ann. § 77–17–13(1)(a) (1995), provides that in a felony case, a party intending to have an expert testify must give the opposing party notice "as soon as practicable but not less than 30 days before trial." Statutory notice includes "the name and address of the expert, the expert's curriculum vitae, and a copy of the expert's report." *Id.* In addition, the written report should provide information regarding "the substance of the expert's proposed testimony including any opinion and the bases and reasons of that opinion ... sufficient to give the opposing party adequate notice to prepare to meet the testimony." *Id.* § 77–17–13(1)(b). In addition, the statute clearly states that if a party fails to meet these requirements, the opposing party *"shall be entitled* to a continuance of the trial or hearing sufficient to allow preparation to meet the testimony." *Id.* § 77–17–13(3) (emphasis added). However, the statute limits the court's discretion to impose other "sanctions," such as excluding expert testimony, except upon finding bad faith. *Id.*

■ Here, the trial court did not find that the State acted in bad faith. Therefore, as to defendant's argument that McNair's expert testimony should have been excluded, we conclude the trial court did not abuse its discretion in denying defendant's motion to exclude McNair's testimony.[2] Therefore, we analyze whether the trial court abused its discretion in denying defendant's motion for a continuance in light of the State's admitted violation of the expert witness notification statute.

1. Defendant also argues that there was insufficient evidence to prove that he knowingly or intentionally possessed a controlled substance as required under Utah Code Ann. § 58–37–8(2)(c) (1997). Specifically, he asserts that merely picking up the envelope off the floor was not enough to prove knowledge and intent to possess the cocaine. However, because we reverse and remand based on lack of notice, we need not address this issue.

2. Although we address the parties' specific arguments under section 77–17–13, we note that Utah courts have addressed similar facts under Rule 16 of both the Utah Rules of Criminal and Civil Procedure and have held that such expert testi-

mony would have been properly excluded. Generally, parties are required to disclose expert witnesses by a certain date before trial to allow opposing parties to prepare for trial by deposing witnesses, planning for effective cross-examination, and obtaining rebuttal testimony. *See* Utah R.Crim. P. 16; Utah R. Civ. P. 16; *see also Turner v. Nelson,* 872 P.2d 1021, 1023–24 (Utah 1994) (upholding exclusion of undisclosed rebuttal witness called to testify to reasonably anticipated defense); *Hardy v. Hardy,* 776 P.2d 917, 925 (Utah Ct.App.1989) (excluding expert's proffered evidence because not timely provided to opposing party).

■ Clearly the statute's notice requirement contemplates that a party be able to adequately prepare to meet adverse expert testimony. The statutory language clearly and unambiguously states that, upon the trial court's finding that a party failed to comply with the thirty day notice requirement, the opposing party "shall be" entitled to a continuance of the trial or hearing "sufficient to allow preparation to meet the testimony." The statutory language "shall" is not advisory; it is mandatory. *See Board of Educ. v. Salt Lake County,* 659 P.2d 1030, 1035 (Utah 1983) (strictly interpreting "shall" as mandatory). Therefore, the statute clearly requires the trial court to grant the statutory relief to allow a party to adequately prepare. However, we note that the statutory language, "sufficient to allow preparation to meet the testimony," leaves some discretion with the trial court to consider the circumstances, i.e., the amount of notice given and the amount of time needed to meet the expert testimony, in determining the appropriate statutory remedy.

Defendant contends that, in light of the undisputed facts, he was entitled to a continuance. The State notified defendant of its intent to call McNair as an expert witness five days before trial. McNair was neither listed as a witness in the information nor called at the preliminary hearing. The State failed to provide defendant with a copy of McNair's curriculum vitae, her address, or an adequate report containing McNair's anticipated testimony. While the State did give defendant McNair's toxicology report, the report contained only McNair's identity and the conclusion that the substance was cocaine. It was silent as to her qualifications and the testing procedures used. In this case, McNair's toxicology report and testimony were both essential to the State's case and critical to the defense. However, the trial court denied defendant's motion for a continuance, stating:

[T]he Court has been in contact with both counsel in this case, and they've had plenty of opportunity to bring this to the Court's attention if you were going to raise the issue before. This Court has reserved the time and called the jury in this matter. The Court thinks both of you were derelict in particular actions as far as a continuance.

Although the trial court acknowledged the State's failure to provide the statutorily required thirty-day notice, it denied defendant's motion solely because of perceived inconvenience to the court and jury.

In *State v. Begishe,* this court considered four factors in reviewing a trial court's denial of a requested continuance for a section 77–17–13 notice violation:

(1) the extent of appellant's diligence in his [or her] efforts to ready his [or her] defense prior to the date set for trial; (2) the likelihood that the *need* for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; and (4) the extent to which the appellant might have suffered harm as a result of the court's denial.

937 P.2d at 530. Although inconvenience to the court and jury is one of the four factors considered, this court has specifically held that such an administrative concern is outweighed by the appellant's right to a fair trial. *See id.* at 531.

In reviewing the other three factors, we conclude that defendant was entitled to a continuance. First, defense counsel appears to have been fully prepared to present defendant's case. The State, however, questions defense counsel's diligence, asserting that defense counsel should have anticipated McNair's testimony. The State argues that defendant received the toxicology report several months before trial and that the report identified McNair as the chemist. Further, the State argues that defendant should have known the substance of McNair's testimony. Finally, according to the State, defendant should have known the toxicology report could not have been admitted into evidence absent the preparer's accompanying testimony. By virtue of these facts, the State argues it was defendant's duty to diligently prepare to meet McNair's testimony despite the State's failure to timely notify defendant of its intent to call McNair as an expert. We disagree.

Although defendant was aware that McNair prepared the toxicology report, it is not defendant's duty to anticipate and prepare for all potential, yet undisclosed, expert witnesses—particularly here where the·substance was analyzed three times by three different people. Rather, section 77–17–13 makes it the State's duty to initially disclose witnesses in compliance with the statutory requirements. The State had ample opportunity to notify defendant of its intent to call McNair as an expert, especially in light of its knowledge that the toxicology report would be inadmissible absent McNair's accompanying testimony.[3]

Second, defendant needed the continuance to prepare for McNair's testimony. As stated above, defendant did not have McNair's address, curriculum vitae, or a report containing the substance of her testimony or describing her testing procedures. As a result, defendant could not prepare to challenge her testimony on cross-examination, nor could defendant obtain an expert to dispute McNair's testing procedures or ultimate conclusion. A continuance would have both provided defendant more time to prepare to challenge McNair's testimony and allowed him to consult with his own expert and then incorporate any new information into the defense strategy.

■ Finally, "and most important among the factors," *Begishe*, 937 P.2d at 531, we consider whether the trial court's refusal to continue the trial prejudiced defendant. In *State v. Knight*, 734 P.2d 913, 920–21 (Utah 1987), the Utah Supreme Court expressed concern regarding circumstances in which it is the prosecution's error that has impaired the defense. Specifically, the *Knight* court recognized the "difficulties posed by the rec-

ord's silence in cases involving a wrongful failure to disclose inculpatory evidence." *Id.* at 921. In such cases, "the record does not provide much assistance in discovering the nature or magnitude of the resulting prejudice to the defense." *Id.* at 920. Therefore, it is difficult to determine how the defense's actions would have been affected had the expert witness been timely disclosed.

■ Recognizing the difficult burden placed on defendant to establish prejudice, the *Knight* court shifted the burden of proving prejudice from the defendant to the State in cases in which the defendant can credibly argue that it was the prosecution's error that impaired the defense. *See id.* at 921. Therefore, to establish that the prosecution's error was not prejudicial, the State must persuade the court that there is no reasonable likelihood that, absent the prosecution's error, the outcome would have been more favorable for defendant. *See id.* In this case, the State has not done so, and we are left to speculate as to what defendant could and would have done. Therefore, if any party should suffer from the uncertainty, it should be the party at fault. As such, we give defendant's explanation of prejudice, i.e, what defendant would have and could have done, the benefit of the doubt.

With this in·mind, we conclude that the State's failure to timely disclose McNair as an expert prejudiced defendant in that he was inadequately prepared to meet McNair's testimony and was unable to effectively cross-examine her testing procedures and credentials. Further, defendant was also prejudiced in that he was denied the opportunity to obtain, consult with, and present a rebuttal expert to challenge McNair's testimony.

---

3. The State seeks to attribute this same knowledge to defendant, contending that its failure to comply with the statute was harmless since defendant must have known of the need to call McNair and could have asked for whatever information he wanted to meet her testimony. Not only does this position reverse the burden of compliance with the statute, but it also requires omniscience on the part of defense counsel. It would appear that the defense would just as easily infer from the State's failure to make the disclosure either that the report would not be used or that the State would try to get it into

evidence by stipulation, as a business record, through the testimony of a nonexpert custodian, or on some other basis than through McNair's testimony. Of course, the State's position in this regard is belied by the fact that it did finally make at least a partial disclosure, albeit twenty-five days late, something that it would not have done if it were truly obvious that McNair was an indispensable witness and if there was, as the State apparently suggests without citation or any authority, an implicit exception to the statute's requirements for "obvious" expert witnesses.

**1172** 

## CONCLUSION

In this case, the trial court denied all defendant's requests for relief despite the State's clear violation of the expert notification statute. The effective administration of justice requires that discoverable evidence be provided much sooner than five days before trial. *See Begishe,* 937 P.2d at 532. Therefore, we conclude that, under the facts of this case, the trial court abused its discretion in denying defendant's motion for a continuance under section 77–17–13. Defendant's conviction is reversed and this case remanded for a new trial.

DAVIS, P.J., and ORME, J., concur.